IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3021-D

ANTHONY RAY HARRIS, )
)
　　　　　Plaintiff, )
)
v. ) **ORDER**
)
DONNIE HARRISON, et al., )
)
　　　　　Defendants. )

Anthony Ray Harris ("Harris" or "plaintiff"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Harris seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On February 25, 2011, Harris filed motions to amend his complaint [D.E. 6–8]. On July 11, 2011, Harris filed a motion "for prompt settlement and resolution of the case" [D.E. 13].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)

(quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because plaintiff's complaint is subject to review under § 1915A, no defendant has been served. Accordingly, Harris's motions for leave to amend his complaint are granted. The court reviews the complaints together to determine whether Harris has stated any claim upon which relief may be granted.

Harris asserts a number of claims relating to his confinement at the Wake County Jail. First, Harris alleges that jail officials, outside of his presence, opened two envelopes addressed to him from the United States District Court for the Eastern District of North Carolina.[1] Compl. 1–2. On this claim, Harris seeks damages of $250,000 and his release. Id. at 3. Second, Harris alleges that he received an electrical shock in a janitor's closet at the Wake County jail due to "un-fixed wir[ing]"

---

[1] Since July 27, 2009, Harris has filed at least five actions in this court, including this action. See Harris v. County of Wake, No. 5:11-CT-3044-FL (E.D.N.C.); Harris v. Harrison, No. 5:10-CT-3208-FL (E.D.N.C. May 4, 2011) (dismissing action for failure to comply with court order); Harris v. Knuckles, No. 5:10-CT-3206-D (E.D.N.C.); Harris v. Foy, No. 5:09-CT-3124-FL (E.D.N.C.).

2

and "the negligence of a Wake County worker." [D.E. 6] at 1; see [D.E. 7] at 1; [D.E. 8] at 1. Harris was "knocked to the floor" and his "arm and shoulder was badly hurt," requiring medical attention. [D.E. 6] at 1. Harris was then "fired from [his] cleaning job [due] to being wrongfully hurt." Id. at 1, 3; see [D.E. 7] at 3. On this claim Harris seeks "compensation in the amount of $1,000,000.00." [D.E. 6] at 4. Third, Harris asserts that in another of his pending cases, Harris v. Foy, No. 5:09-CT-3124-FL (E.D.N.C.), the United States Marshal Service ("USMS") sent a summons to the wrong address. Id. at 2. Fourth, Harris asserts that he has been harassed and "locked up for made-up reasons" because of his race. Id. at 3. Harris points to a specific instance in which "deputy Mr. Hope of the Raleigh North Carolina County of Wake Sheriff Dept." called him a racial slur, and contends that Raleigh city police officers discriminate in their decisions concerning arrests and citations. Id. at 4–6; see [D.E. 7] at 4. Harris seeks compensation from Hope in the amount of $75,000.00, and to "let all races, creeds, and colors be able to do the same equal thing." [D.E. 6] at 5–6. Fifth, Harris asserts that at the Wake County Jail, he is required to sleep on the floors which causes him back pain, that he is "wrongfully underfed," and that jail conditions generally are "un-safe and un-healthy[]." Id. Finally, Harris alleges that he has been prevented from calling an attorney or a bonding service. [D.E. 7] at 1, 3, 5; [D.E. 8] at 1, 4. On all of these claims, Harris names as defendants Wake County Sheriff Donnie Harrison, the City of Raleigh, Wake County, the "county mail clerk," the "city clerk of mail" (including "postmaster" Mrs. Scott), and the USMS. See Compl. 1; [D.E. 6] at 1; [D.E. 7] at 1; [D.E. 8] at 1.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983

3

plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979). As a practical matter, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson, 195 F.3d at 695. The first prong requires the plaintiff to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis omitted) (quotation omitted). Under the second prong, the plaintiff must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." Id. (emphasis omitted) (quotation omitted).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference

4

requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick County, 528 F.3d 199, 206 (4th Cir. 2008).

As for defendant Harrison, plaintiff's claims against Harrison do not involve allegations of any specific act or omission by Harrison, but instead are based on Harrison's supervisory position. However, the doctrine of respondeat superior generally does not apply to a section 1983 claim. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell, 436 U.S. at 694; Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Thus, Harris's claims against defendant Harrison are dismissed as frivolous.

As for defendants Wake County and City of Raleigh, Harris has failed to state a claim on which relief may be granted. Alleging that a county or municipal employee committed a constitutional violation is necessary in order to state a claim against a county or municipality, but is not sufficient. A county or municipality may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694–95; Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Therefore, a county or municipality may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997). Harris has failed to allege that any policy or custom of either defendant is responsible for the acts of which he complains. Thus, Harris's claims against Wake County and the City of Raleigh are dismissed as frivolous.

As for Harris's claim concerning his legal mail, legal mail may not be opened outside of the presence of the prisoner-addressee. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974).

5

However, to state a claim for a constitutional violation, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350–54 (1996). In order to show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353; Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Harris fails to allege any injury from the opening of the mail. Thus, Harris has failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Harris's claim that he received an electrical shock while performing a work assignment, Harris acknowledges that his claim sounds in negligence. Thus, the claim is not cognizable under section 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent Harris challenges the decision to terminate him from his work assignment after his injury, "prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate." Johnson v. Knable, 862 F.2d 314, 1988 WL 119136, at *1 (4th Cir. Oct. 31, 1988) (per curiam) (unpublished table decision); Altizer v. Paderick, 569 F.2d 812, 812–13 (4th Cir. 1978) (per curiam).

As for Harris's claim concerning jail conditions, including being required to sleep on the floor and not receiving enough food, Harris's conclusory allegations fail to meet the requirements of notice pleading. See Fed. R. Civ. P. 8. Simply put, Harris has failed to give defendants notice of his claims or the factual basis upon which they rest. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Coleman, 626 F.3d at 190. Thus, the court dismisses Harris's claim as frivolous.

As for Harris's claim concerning his desire to call an attorney, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Lewis,

518 U.S. at 350–51; Ex parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). However, in order to state such a claim, the inmate must show actual injury or that defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau, 434 F.3d at 728; Cochran, 73 F.3d at 1317. Further, isolated incidents without negative consequences to plaintiff do not constitute a deprivation of one's constitutional rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

Nothing in Harris's complaint plausibly suggests that defendants have prevented Harris from contacting an attorney. To the extent that Harris is complaining about his inability to telephone an attorney, Harris has no constitutional right to telephone an attorney. See Saunders v. Dickerson, No. 1:07cv1094(LMB/BRP), 2008 WL 2543428, at *4 (E.D. Va. June 25, 2008) (unpublished), aff'd, 313 F. App'x 665 (4th Cir. 2009) (per curiam) (unpublished). After all, the right at issue relates to contacting an attorney, and Harris (as evidenced by his multiple filings) can write to an attorney. Thus, Harris has failed to state a claim upon which relief can be granted, and this claim is dismissed.

As for Harris's desire to telephone a bondsman, neither the Due Process Clause of the Fourteenth Amendment nor the Eighth Amendment provides an absolute right to be released on bond. See, e.g., United States v. Salerno, 481 U.S. 739, 748–49 (1987). Moreover, Harris does not plausibly allege that he cannot write to a bondsman. Thus, Harris has failed to state a claim upon which relief can be granted, and this claim is dismissed.

As for Harris's allegations of racial discrimination, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v.

7

Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Harris has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Harris has not made plausible allegations to support his equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. As for his allegation that Deputy Hope called him by a racial slur, such a "comment[], while undoubtedly offensive and inappropriate, cannot form the basis of a § 1983 claim." Brand v. Hamilton, No. 3:10cv377/LAC/MD, 2010 WL 4973358, at *5 (N.D. Fla. Oct. 27, 2010) (unpublished) (collecting cases), report and recommendation adopted, 2010 WL 4955400 (N.D. Fla. Dec. 1, 2010). Thus, Harris has failed to state a claim upon which relief may be granted, and this claim is dismissed.

Finally, as for Harris's claim against the USMS for serving a summons at the wrong address, the USMS is neither a person nor a state actor for purposes of section 1983. See, e.g., Curtis v. Pracht, 202 F. Supp. 2d 406, 418 (D. Md. 2002). Additionally, the court has reviewed the docket in the case at issue, and Harris suffered no injury by any error in service: while the defendant Raleigh Police Department noted that it had not been properly served, it sought (and obtained) dismissal of Harris's claims against it on the merits. Harris v. Foy, No. 5:09-ct-3124-FL (E.D.N.C.), [D.E. 25] at 2–4 (memorandum in support of motion to dismiss), [D.E. 38] at 3 (order granting dismissal). Moreover, Harris has failed to state a violation of a constitutional right. Thus, Harris has failed to state a claim upon which relief may be granted, and this claim is dismissed.

For the reasons stated, the court GRANTS plaintiff's motions to amend [D.E. 6–8], and DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A. The court DENIES AS MOOT Harris's motion for settlement [D.E. 13]. The Clerk of Court is directed to close the case.

SO ORDERED. This 26 day of July 2011.

/s/ James C. Dever
JAMES C. DEVER III
United States District Judge

9